IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

JAMES JONES,

                **Petitioner,**

**v.**

**PAUL ADAMS, Warden,**

               **Respondent.**

**Civil Action No.: 3:20-CV-36
(GROH)**

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

On February 28, 2020, the pro se Petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241. Petitioner is a federal inmate housed at FCI Hazelton and is challenging the validity of his sentence imposed in the United States District Court for the Northern District of Ohio. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A.

### II.   FACTUAL AND PROCEDURAL HISTORY[1]

#### A. Conviction and Sentence

On October 25, 2016, a grand jury indicted Petitioner and charged him in the Northern District of Ohio, case number 1:16-CR-344, with two counts of possession

---

[1] Throughout sections II.A. and II.C. all ECF numbers refer to entries in the docket of Civil Action No. 1:16-CR-344 from the Northern District of Ohio, available on PACER, unless otherwise noted. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

with intent to distribute heroin in violation of 18 U.S.C. § 841(a)(1), (b)(1)(B), one count of illegally possessing a firearm in violation of 18 U.S.C. § 922(g)(1), and one count of managing a home used for drug trafficking, in violation of 21 U.S.C. § 856(a)(2). ECF No. 1.

On July 20, 2017, Petitioner pled guilty to all four counts of the indictment pursuant to a plea agreement.  ECF Nos. 25, 26.  "As part of the plea agreement, and as detailed in the presentence report, Jones' based offense level was raised because, at the time, he qualified as a career offender."  ECF No. 59 at 1. Petitioner was sentenced on November 3, 2017, to 210 months of incarceration as to count 1, and 120 months of incarceration as to counts 2, 3 and 4, all of which were to be served concurrently to one another.  ECF Nos. 36, 37.

### B. Direct Appeal[2]

Petitioner filed a notice of appeal on November 22, 2017.  ECF No. 38.  On October 15, 2018, the Court of Appeals for the Sixth Circuit affirmed[3] Petitioner's conviction and sentence, in that court's docket number 17-4249.  ECF No. 32-2.

---

[2]   Throughout section II.B. all ECF numbers refer to entries in docket number 17-4249 from the Sixth Circuit Court of Appeals, available on PACER unless otherwise noted.

[3]   In its order the Sixth Circuit summarized the district court's calculation of Petitioner's sentence:

A presentence report calculated Jones's total offense level as 34. Because he was determined to be a career offender pursuant to USSG § 4B1.1, his criminal history category was calculated as VI. These calculations resulted in a guidelines range of imprisonment of 262 to 327 months. At a sentencing hearing, the district court determined that Jones's offense level was 32, which lowered his guidelines range of imprisonment to 210 to 262 months. After hearing arguments from the parties regarding an appropriate sentence within the calculated range, the district court imposed a term of imprisonment of 210 months, to be followed by eight years of supervised release.

ECF No. 32-2 at 2.

**C. Post-Conviction Relief: Motions to Vacate Under 28 U.S.C. § 2255[4]**

On October 1, 2019, Petitioner filed a motion for habeas relief under 28 U.S.C. § 2255 and § 2241. ECF No. 55. Respondent filed a motion to dismiss on October 23, 2019. ECF No. 57. On November 19, 2019, the District Court denied Petitioner's motion for habeas relief on the basis that he is "barred from raising his claim due to waiver". ECF No. 59 at 4.

**D.   Appeal of Denial of § 2255 Motion**

On December 3, 2019, the Sixth Circuit docketed Petitioner's appeal of the denial of his § 2255 motion, in that court's docket 19-4167. That case remains pending.

**E.   Claims in Instant § 2241 Petition**

The instant § 2241 petition was filed with the Court on February 28, 2020. ECF No. 1. In support of his section 2241 petition before this Court, Petitioner states four grounds for relief: (1) that the decision of the Sixth Circuit in United States v. Havis, 927 F.3d 382 (6th Cir. 2019), invalidates his career offender status; (2) that the Ohio attempt statute he was convicted of violating was improperly used to classify him as a career offender; (3) that the United States Sentencing Guidelines were improperly applied to enhance his sentence; and (4) that his career offender designation "violates the non-delegation doctrine" and separation of powers. ECF No. 1 at 5 – 7. Petitioner states that all of the above grounds were presented to the district court for the Northern District of Ohio. Id. at 7. For relief, Petitioner requests his sentence be vacated, pursuant to the holding in Havis. Id. at 8. Petitioner further states that he waived his right to

---

[4] Petitioner sought relief pursuant to both 28 U.S.C. § 2255 and 28 U.S.C. § 2241. A separate civil action number, 1:19-CV-2282, was assigned to the motion to vacate. ECF No. 55.

challenge his conviction or sentence through post-conviction relief and that Havis is not retroactive.  Id. at 9.

### III.    LEGAL STANDARDS

#### A.    Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court.  This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

#### B. Pro Se Litigants

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous if it is without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in Neitzke recognized that:

> Section 1915(d)[5] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

## C.  Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are generally required to proceed under § 2255 in the District Court of conviction.  By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated.  "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated."  Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the

---

[5]  The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."  As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

validity of his conviction and/or his sentence under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of (1) a limitation bar,[6] (2) the prohibition against successive petitions, or (3) a procedural bar due to failure to raise the issue on direct appeal.  In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[7] and the standard is an exacting one.  The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause. Which test is to be applied depends on whether the petitioner is challenging the legality of his conviction or the legality of his sentence.  See United States v. Wheeler, 886 F.3d 415, 428 (4th Cir. 2018); In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000).  When a petitioner is challenging the legality of his conviction, § 2255 is deemed to be "inadequate or ineffective" only when all three of the following conditions are satisfied:

---

[6]  In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:

    a.    The date on which the judgment of conviction becomes final;

    b.    The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    c.    The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    d.    The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

[7] This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333–34.

When a petitioner is challenging the legality of his sentence, § 2255 is deemed to be "inadequate or ineffective" only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429.   The Fourth Circuit has specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler.   Id.

Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the Jones test (if challenging the legality of his conviction) or the Wheeler test (if challenging the legality

of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims.  See Wheeler, 886 F.3d at 423–26.

## IV.  ANALYSIS

Here, Petitioner challenges only his sentence and seeks relief under § 2241 by way of the savings clause of § 2255(e).  ECF No. 1, at 1.  Petitioner challenges his classification as a career offender under the post-Booker,[8] advisory United States Sentencing Guidelines ("the Guidelines" or "USSG").  Id.  Petitioner's career offender classification was based on two prior convictions, for: (1) drug trafficking in violation of Ohio Revised Code § 2925.3, Cuyahoga County Court of Common Pleas case number 04-CR-459539B; and (2) drug trafficking in violation of Ohio Revised Code § 2925.03(A)(2), Cuyahoga County Court of Common Pleas case number 08-CR-506167A.  N.D.Ohio 1:16-CR-344, ECF No. 49 at 1 – 2.

Petitioner argues that he is entitled to relief because he can no longer be considered a career offender based on the Sixth Circuit's holding in United States v. Havis, 927 F.3d 382 (6th Cir. 2019).  ECF No. 1 at 5, 8.

However, this is the same argument Petitioner has asserted in his § 2255 motion[9] in the Northern District of Ohio, case number 1:16-CR-344.  The denial of that claim by the district court was entered November 19, 2019.  N.D.Ohio 1:16-CR-344, ECF No. 49.  Pursuant to 28 U.S.C. § 2244(a), a district court is not required to consider a habeas petition filed by an inmate challenging his federal custody on the same ground that the petitioner advanced in an earlier habeas petition and lost after a full and fair

---

[8] United States v. Booker, 543 U.S. 220 (2005).

[9] See Footnote 4 on page 3 herein.

litigation of his claim.  See 28 U.S.C. § 2244(a).  In addition to applying to petitions filed pursuant to 28 U.S.C. § 2255, the rule also applies to petitions filed pursuant to 28 U.S.C. § 2241.  See e.g., George v. Perill, 62 F.3d 333 (10th Cir. 1995); Glumb v. Honstead, 891 F.2d 872 (11th Cir. 1990); Sacco v. United States Parole Commission, 639 F.2d 441 (8th Cir. 1981).

The District Court for the Northern District of Ohio has, in that Court's case number 1:16-CR-344, denied Petitioner's request to vacate his career offender designation.  Pursuant to 28 U.S.C. § 2244(a), this Court is not required to consider the instant habeas petition filed by Petitioner, because he is challenging his federal custody on the same ground that he advanced in an earlier habeas petition and lost after a full and fair litigation of his claim.

Moreover, the appeal of that denial of the motion to vacate is currently pending with the Sixth Circuit Court of Appeal, in that court's docket 19-4167.  In the instant § 2241 petition, Petitioner seeks the same relief that he requests in that appeal which seeks vacation of his sentence.

It has long been recognized in this Circuit that courts should not rule upon issues when another court already exercises jurisdiction over those same matters.  Aetna Cas. & Sur. Co. v. Quarles, 92 F.2d 321, 325–26 (4th Cir. 1937) ("The court will refuse [to rule] where another court has jurisdiction of the issue, where a proceeding involving identical issues is already pending in another tribunal, where a special statutory remedy has been provided, or where another remedy will be more effective or appropriate under the circumstances.")

Accordingly, it is clear from a review of the docket and filings in the Sixth Circuit Court of Appeals that this court lacks jurisdiction, because the matters addressed and relief sought are already under consideration by that appellate court, in the appeal of the denial of § 2255 relief.  If Petitioner chooses to assert any claim for vacation of his conviction or sentence which relies on the legal authority cited herein, it appears to the Court that he may do so in his appeal to the denial of his § 2255 motion pending before the Sixth Circuit Court of Appeals.  Accordingly, this Court lacks jurisdiction to consider this petition.   When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## V. RECOMMENDATION

Based on the foregoing, the undersigned recommends that Petitioner's writ of habeas corpus pursuant to § 2241 [ECF No. 1] be **DENIED and DISMISSED WITHOUT PREJUDICE**.

It is further **RECOMMENDED** that Petitioner's motions [ECF Nos. 2, 5] to proceed without prepayment of fees be **TERMINATED as MOOT**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge.   Objections shall not exceed ten (10) typewritten pages or twenty (20)

handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED:      March 3, 2020

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE